United States District
Court, Northern District
of Texas, Fifth Circuit



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 2 2021

CLERK, U.S. DISTRICT COURT
By_____
Deputy

United States of America,
   Plaintiff,

V.                                 Case NO: 2:18-CR-00038-D-BR (1

Cristy Marie Bright,
   Defendant

Motion for Hardship Credit for Hard time Served

   Now Comes, Defendant, Cristy Marie Bright
respectfully moving said court with a Motion
for Hardship Credit for Hard time Served
requesting the said Court grant two days
credit for one day Served.

Introduction

   The Defendant being incarcerated an
estimated 110 days at Coleman Camp, (From
May 1st, 2020 until August 19, 2020) and
an estimated 133 days at Colemans Low
Male medical SHU, (from August 19, 2020
to December 30, 2020), both located in Florida,
wants consideration under the Constitutional
Rights for prisoners invoking several
protections under the Eighth and fourteenth
amendments of United States Constitution.

There are several factors to consider for this motion that were present at both Colemans' Camp for Women and Colemans Low Male SHU that can further protections under the Eight and Fourteenth Amendments that warrant the two days credit for one day served by federal inmates at such a facility.

1. In May 2020, defendant became subject to Sexual Harassment in violation of PREA by Officer Tippit.

2. The harassment included mental, physical, and sexual abuse along with threats.

3. On August 19, 2020 Defendant was moved to the Coleman Low Medical SHU after receiving an incident report that was later expunged on January 7, 2021. Instead of Defendant being placed in the County jail as female inmates whom received incident reports severe enough to go to the County jail, Defendant was not placed in the county jail with the other female inmates and again was Sexually harassed by male inmates.

4. Colemans Low Medical SHU is currently operating as a jail limiting

liberty interest afforded to the inmates in general population.

5. The access to recreation services was denied to the defendant. She had no access to fresh air or sunshine her entire stay in the medical SHU. The male inmates however had access to recreation as did the female inmates sent to the county jail.

6. Dietary needs of defendant was below federal prison standards and "meals" provided (usually at 6:30-7 pm nightly often having to remind officer on duty to feed defendant) came cold, smashed, molded, and/or unedible which is considered "Gruel." Defendant had no consistant access to bottled water. Defendant went days with no drinking water. The water is brown out of faucet.

7. Personal Hygeine was significantly degraded which depends on the inmate population, namely the defendant, but she had little to no access to cleaning supplies to keep her living quarters clean. Common illnesses, which are easily avoidable, became a problem that the already limited medical staff was unable to address. Defendant was already sick with Covid-19 in July 2020.

8. Medical care was scarce. It could take months to see medical staff including Mental Health doctors after applying to see them while being confined in a cell 24 hours a day for 135 days. Such confinement and sexual abuse easily depletes your mental health. Defendant was also removed from her medication for depression that she has been on for over a year without a medical visit to change her prognosis and was unable to procure an appointment to get it restarted. Defendant was never given, nor has she recewed Mental Health care that she desprately needs for the Sexual harassment, assult that happened to her.

## Conclusion

Federal Court can provide relief for deprivation of a prisoners Constitutional right to be free of cruel and unusual punishment during his or her stay of confinement. When conditions such as those at Colemans Camp for Women and Colemans Law Male Medical SHU becomes such that a prisoner is deprived of meals, hygiene, or fresh air, or even worst, Sexually assulted and harassed the Eighth and Fourteenth Amendments are violated in addition to punishment that is imposed for an improper purpose or

disproportionate to the offense can violate a prisoners Fifth Amendment.

Prayer

Therefore the defendant prays the Honorable Judge of said court grants the motion for Hardship Credit for Hard Time Served and grant defendant two days credit for one day served for the time requested while she was in Coleman, Florida. (Total of 486 days)

Respectfully Submitted,
Cristy Bright #56154-177
Cristy Bright

Defendant affirms the above is true and complete to the best of her Knowledge dated this 25th day of February, 2021.

Enclosure: PREA Statement given to Regional, Sis, and U.S. Department of Justice of the Inspector General Investigations Department.

Cristy Bright #56954-177
Federal Correctional Institution Aliceville (a-3)
P.O. Box 4000
Aliceville, Alabama 35442



FEB 25 2021
35442-USPS

35442-USPS

Judge Sydney Fitzwater
1100 Commerce St. Room 1358
Dallas, Texas 75242-1003

Legal Mail