IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:18-CR-038-Z-BR (1) |
| CRISTY MARIE BRIGHT, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Sentence Reduction ("Motion") filed by Defendant Cristy Marie Bright, in which she seeks a sentence reduction based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. Section 3582(c)(1)(A). ECF No. 76. For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

On December 18, 2018, the sentencing court accepted Bright's guilty plea to one count of Possession with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(viii). ECF No. 37. On April 2, 2019, Bright was sentenced to 158 months of imprisonment, followed by five years of supervised release. ECF No. 45. Bright is currently serving her sentence at the FCI Aliceville facility in Aliceville, Alabama.

On February 6, 2024, Bright filed a Motion for Compassionate Release, alleging that extraordinary and compelling reasons for release due to (1) suffering sexual abuse by a prison guard, (2) her family circumstances, (3) the conditions of her confinement and (4) her inability to participate in a drug treatment program. ECF Nos. 60, 61. Her motion was denied by this Court on May 9, 2024. ECF No. 64. The Court's order was affirmed by the Fifth Circuit Court of Appeals on January 14, 2025. ECF No. 73.

On June 3, 2025, Bright filed this Motion for Compassionate Release, again alleging as grounds for release her sexual abuse history and the conditions of her confinement, plus a previously unasserted claim that she did not receive a three-level reduction at sentencing for acceptance of responsibility. The failure of the sentencing court to apply the three-level reduction, she alleges, constitutes an additional basis for relief. ECF No. 76.

ANALYSIS

A. Extraordinary and Compelling Reasons for Release

Bright has provided no additional persuasive support for release based upon her claims of sexual abuse and untenable conditions of confinement. Accordingly, for the reasons stated in the Court's May 9, 2024, order, which is incorporated herein, the Court again finds that Bright has failed to show extraordinary and compelling reasons for release on these grounds.

Regarding her assertion that she did not receive a three-level reduction for acceptance of responsibility, a motion for compassionate release is not the proper vehicle to redress such claim. A movant "cannot 'challenge the legality or the duration of [her] sentence' through a motion for compassionate release." *United States v. Cardona*, No. 22-50884, 2023 WL 3122454, at *1 (5th Cir. Apr. 27, 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023)). Bright's argument concerning the calculation of her guidelines range is not cognizable as a basis for compassionate release. *Escajeda*, 58 F.4th at 188. As a result, the Court finds that Bright has not shown extraordinary and compelling reasons for release.

B. Section 3553(a) Factors

Even assuming that Bright had shown extraordinary and compelling reasons, however, the Section 3553 factors still weigh against release. The Court must consider the applicable Section 3553(a) factors to determine whether compassionate release is warranted. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Mindful of these factors, the Court

2

has carefully considered the record pertaining to (1) Bright's sentence relative of the nature and seriousness of her offense; (2) her personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Bright; (6) the need to provide rehabilitative services, (7) the applicable guideline sentence, and (8) the need to avoid unwarranted sentencing disparities among petitioners with similar records found guilty of similar conduct. *See* 18 U.S.C. Section 3553(a). These factors are evaluated under the overarching principle that a sentence must "be sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors (as it did in considering Bright's first motion), the Court cannot justify compassionate release. "Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A review of the record shows that these factors still militate against compassionate release. At the time of conviction, Bright had a Category VI criminal history and was designated a career offender. ECF No. 39-1 at 8. The Presentence Report reflects that, at the time of her arrest, Bright had been driving a vehicle containing 25 bundles of d-Methamphetamine Hydrochoride ("Ice") with a net weight of 11 kilograms and a purity level of 100 percent. *Id.* at 4. Records indicate that Bright received a significant downward departure in her sentence due to the sentencing court's determination that the career criminal enhancement overstated the seriousness of her criminal history. ECF No. 46 at 2. In view of the serious nature and circumstances of her offense of conviction, and in view of the significant downward departure in sentencing that she already has received, the Court

cannot conclude that Bright's early release from prison would afford adequate deterrence or protect the public.

In addition, granting Bright compassionate release would neither provide a just punishment for her offense nor promote respect for the law. After reviewing the entirety of the record, the Court determines that releasing Bright at this time would minimize the impact of her crime and the seriousness of her offense, as well as fall far short of providing a just punishment and an adequate deterrence to criminal conduct. Therefore, the Court finds that the Section 3553(a) factors weigh against a sentence reduction. This is an independent justification for denying the Motion.

For the foregoing reasons, the Court **ORDERS** that the Motion is **DENIED** without prejudice to Bright asserting new grounds for compassionate releases in the future, if warranted.

**SO ORDERED**.

July _9_, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4